## STATE v. CLARENCE HOBSON.

244 N. W. 2d 654.

July 23, 1976—No. 46484.

*Warren Spannaus*, Attorney General, *Gary W. Flakne*, County Attorney, and *Vernon E. Bergstrom, Michael McGlennen, Leander Lippert*, and *David W. Larson*, Assistant County Attorneys, for appellant.

*Irving Shaw*, for respondent.

Heard before Todd, Yetka, and Scott, JJ., and considered and decided by the court en banc.

YETKA, JUSTICE.

Appeal by the state from a pretrial order of the district court granting defendant's motion to suppress certain oral statements. We reverse.

At 10 p. m. on September 22, 1975, Officer Gerhard Wehr, while in his squad car, made a normal business check of the Colonel Sander's Kentucky Fried Chicken restaurant in Golden Valley. He observed three men in the building, one of whom left the building with nothing in his hands, entered a car parked in the parking lot, got back out of the car, and re-entered the building. The officer drove his squad car up to the building to observe the conduct of the men more closely. One of the men spotted the officer, left the building, and re-entered the car. As the man bent over to enter the car, the officer noticed a gun stuck in the man's belt. The officer waited until all three men entered the car, then drew his own gun, approached the car and ordered the three men to raise their hands, called for assistance, and ordered the men out of the car.

When the other officers arrived, they frisked the men and asked if any of them had a permit to carry a gun. None of them did. The officers then put the men into squad cars, picked up the

gun (which the first man had left on the back seat of the car), and searched the car. Finding no other weapons, they identified the men and detained Charles Hobson, the man who was first observed by Officer Wehr to have the gun in his belt. They told the other two men, defendant, Clarence Hobson, and Matthew Roberts, that they were free to go. Roberts indicated that he had to return to the workhouse, and defendant stated that he was going to take him there.

At this point defendant told the police officers that he would not leave without the gun. He said that it was his gun, that he worked in a Clark Service Station, and that he needed the gun for protection when closing the station. The officers told him that they could not release the gun to him without a court order. Then defendant and Roberts left.

The officers then ran a computer check on the gun using its serial number and discovered that the gun was stolen. Since defendant and Roberts were only a few blocks away at this time, a squad car was dispatched to take them into custody. Defendant was arrested on the charge of possession of stolen property and subsequently charged with unlawful possession of a handgun. No Miranda warning was given defendant prior to his arrest.

The single issue raised on this appeal is whether defendant's oral statements made prior to an arrest that the gun belonged to him are admissible at trial even though defendant had not been given a Miranda warning.

The constitutional requirements set forth in Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. ed. 2d 694 (1966), require that a defendant be given certain warnings before statements he makes stemming from a "custodial interrogation" can be used against him. The United States Supreme Court stated that—

"* * * [b]y custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of ac-

tion in any significant way." 384 U. S. 444, 86 S. Ct. 1612, 16 L. ed. 2d 706.

In the case at bar, defendant was not in custody when he made his statement. He and Roberts had already been told that they were free to go, as the police were only detaining Charles Hobson. Not being in custody, there was no requirement that defendant be given the Miranda warning.

The statement also was not the product of any interrogation. The police asked defendant no questions. After he was told to leave, defendant himself asked for the gun, stating that it was his.

At the time defendant was told that he was free to go, the police officers had no idea that the gun was stolen or reason to suspect defendant of any crime. He refused to leave unless he was allowed to take his gun. He was not in custody nor was he questioned. On these facts, we conclude that defendant's statement that the gun belonged to him was not the product of a custodial interrogation.

The state requests this court to reverse our decision in State v. Raymond, 305 Minn. 160, 232 N. W. 2d 879 (1975), which, it claims, is support for the trial judge's action in this case. Such a reversal is not necessary, for Raymond is clearly distinguishable.

The order of suppression is reversed and the case remanded for trial.

Attorneys fees in the amount of $200 are allowed defendant pursuant to Rule 29, Rules of Criminal Procedure.

Reversed and remanded.